J. HENRY KRAFT *et al.*

*v.*

CONRAD AUW.

*Opinion filed October 24, 1901—Rehearing denied December 5, 1901.*

APPEALS AND ERRORS—*when damages may be allowed for delay.* In foreclosure proceedings for failure to pay interest and taxes, objections that certificates of redemption from tax sales were inadmissible on the ground that the only proper evidence of such sales are the books and records of the county clerk and that the certificates were signed by the clerk of the county court instead of by the county clerk, are purely technical, and the Appellate Court is justified in awarding damages as for delay where no meritorious defense was offered on the hearing.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

I. T. GREENACRE, for appellants.

SIMEON STRAUS, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment rendered in the Appellate Court for the First District, affirming a decree of the superior court of Cook county foreclosing a trust deed in the nature of a mortgage. The proceedings were begun because an installment of interest upon the prin-

cipal sum secured by the trust deed, and the taxes and special assessments against the property, were not paid when due, as required by the terms of the trust deed. The decree finds that appellants were in default in both respects, and orders foreclosure. In its judgment of affirmance the Appellate Court ordered that appellee, in addition to his costs, recover from appellants, as damages, the sum of $100, upon the ground that the appeal had been taken merely for delay.

It is assigned for error here that the trial court admitted improper proof upon the hearing, and that the Appellate Court erroneously adjudged appellants to pay damages as aforesaid. As to the proof complained of, appellants urge that certain certificates of redemption from sales for taxes and special assessments, offered in evidence by appellee, were improperly admitted, the objection to them being based upon the ground that the only proper evidence of such sales is the books and records in the office of the county clerk; and it is also said the certificate of redemption is signed by the clerk of the county court, when it should have been signed by the county clerk. Not only does it appear that these objections are purely technical and without substantial merit, but the record does not disclose that they were sufficiently raised upon the hearing, and they cannot therefore be urged for the first time upon appeal.

Upon an examination of the record we are satisfied the findings in the decree were clearly justified by the evidence. No substantial or meritorious defense was offered upon the hearing. The decree below was clearly right and proper from every standpoint.

The defense appears to have been so technical in its character that we are not disposed to disturb the judgment of the Appellate Court awarding $100 as damages for the delay. The judgment of the Appellate Court will accordingly be affirmed.          *Judgment affirmed.*